IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>9.4 ACRES OF LAND, more or less, situate in Klickitat County, State of Washington; and STANLEY J. CASSWELL, et al.,<br><br>  Defendants. | Case No. 2:12-cv-03143-RMP<br><br>FINAL JUDGMENT APPROVING STIPULATION OF JUST COMPENSATION |

Upon consideration of the Stipulation of Just Compensation executed by the United States of America and all defendants herein, it is hereby **ORDERED, ADJUDGED AND DECREED** that

1. The parties Stipulated Motion, **ECF No. 49**, is **GRANTED**, and further,

2. The United States filed its Complaint in Condemnation (ECF No. 1) and

   Declaration of Taking (ECF No. 2), then deposited $14,850 ("Deposit") into the

FINAL ORDER OF JUDGMENT- 1

Registry of the Court on December 12, 2012 (ECF No. 5). At that time, title to the property, as set forth in the Declaration of Taking, vested in the United States.

3. The subject property consists of easements over approximately 9.4 acres located in Klickitat County, Washington, as more particularly described in the Declaration of Taking filed herein ("subject property"). The underlying land is owned in fee simple by Stanley J. Casswell and Jessie A. Casswell.

4. In order to settle this condemnation action, the parties agree that the just compensation payable by the United States for the taking of the property and estates described in the Declaration of Taking filed herein (ECF No. 2), together with all improvements thereon and appurtenances thereunto belonging, shall be the sum of $165,000 inclusive of interest, attorneys' fees, and costs. *See* ECF No. 49, Stipulation of Just Compensation.

**5. Judgment shall be, and is hereby, entered against the United States in the amount of $165,000.**

6. Two parties initially named in this suit, PacifiCorp and the County of Klickitat, Washington, have disclaimed any interest in the Property. ECF Nos. 25, 48. A third party initially named in this suit, I.R. Beery or unknown heirs and assigns, could not be found (ECF No. 31) and was served by publication by the United States as provided in Rule 71.1(d)(3)(B)(i) of the Federal Rules of Civil

Procedure (ECF No. 32). As such, these parties are not entitled to any distribution of the just compensation to be paid for the taking of the Property.

7. As the United States has previously deposited $14,850 as estimated just compensation, the deficiency amount between this amount and the agreed settlement of $165,000 is $150,150. The United States shall pay into the Registry of the Court the deficiency amount of $150,150. Should said deposit into the Registry not be made within 30 days of the entry of this order of judgment, any unpaid portion of the $150,150 deficiency shall accrue statutory interest for each day thereafter until deposited.

8. The said sum of $165,000 shall be full and just compensation and in full satisfaction of any and all claims of whatsoever nature against the United States by reason of the institution and prosecution of this action and taking of the said lands and all appurtenances thereunto belonging.

9. The said sum of $165,000 shall be subject to all liens, encumbrances and charges of whatsoever nature existing against the said property at the time of vesting of title thereto in the United States and all such taxes, assessments, liens and encumbrances shall be payable and deductible from the said sum.

10. Defendants Casswell warrants that on the date of taking they had exclusive right to the compensation herein, excepting the interest of parties having liens or

FINAL ORDER OF JUDGMENT- 3

encumbrances of record and unpaid taxes and assessments, if any, and that no other person or entity is entitled to the same or any part thereof. In the event that any other party is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the property taken in this case, Casswell shall refund into the Registry of the Court the compensation distributed herein, or such part thereof as the Court may direct, with interest thereon calculated in accordance with the provision of 40 U.S.C. § 3116, from the date of the receipt of the deposit by Defendants to the date of repayment into the Registry of the Court.

11. The parties shall be responsible for their own legal fees, costs, and expenses (including attorney fees, consultants' fees, and any other expenses).

12. Upon the United States depositing the deficiency into the Registry of the Court, the Clerk of the Court shall, without further order of this Court, disperse to Defendants Casswell, with check payable to:

<u>Dunn Carney Trust Account for Stanley and Jessie Casswell</u>

at the following address:

Jack Hoffman
Dunn Carney Allen Higgins and Tongue
851 6th Avenue, Suite 1500
Portland, OR  97204-1357

FINAL ORDER OF JUDGMENT- 4

all sums on deposit in the Registry of the Court, together with any interest earned thereon while on deposit.

Following disbursement of the above sums to the Defendants, this case shall be **CLOSED**.

The District Court Clerk is directed to enter this Judgment and provide copies to counsel and to Sheri Wohl, Financial Specialist for the Eastern District of Washington.

**IT IS SO ORDERED**.

DATED this 22nd day of January 2014.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

FINAL ORDER OF JUDGMENT- 5